UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.5:13-cr-94-JMH |
| | ) | |
| | ) | Civil No. 5:17-cv-90-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ERIK A. HENTZEN, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

\* \* \*

This matter is before the Court on Defendant Eric A. Hentzen's motion to reconsider[1] [DE 118] United States Magistrate Judge Hanly A. Ingram's Order granting in part and denying in part Hentzen's motion for discovery and limiting the scope of an impending evidentiary hearing. [DE 116]. For the reasons stated below, this Court dismisses Hentzen's objections to Magistrate Judge Ingram's September 19, 2019 order.

---

[1] The Court understands that Hentzen intended to file objections to the order pursuant to applicable federal rules, but was only able to electronically file the document as a motion to reconsider. As discussed below, the motion will be construed as objections pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Hentzen moved to vacate his two 240-month sentences under 28 U.S.C. § 2255. [DE 68]. Without conducting an evidentiary hearing, the magistrate judge recommended, and the district court summarily adopted, the denial of Hentzen's § 2255 motion and declined to issue a Certificate of Appealability ("COA"). [DE 94; DE 97]. The district court also held that Hentzen's motion for discovery was moot upon the dismissal of his § 2255 petition. [DE 96; DE 97]. On March 7, 2019, the United States Court of Appeals for the Sixth Circuit granted a COA as to three of Hentzen's claims. [DE 117]. Shortly after the order was entered, the United States filed a motion to remand the case to the district court because, it conceded, Hentzen was entitled to an evidentiary hearing on the surviving claims. *Hentzen v. USA*, Case No. 18-6168 (Motion for USA to remand, filed March 12, 2019 at Docket Entry 11). On May 17, 2019, the Sixth Circuit granted the government's motion. [DE 102]. Hentzen then filed a renewed motion for discovery, which has been fully briefed by both parties. [DE 105; DE 107; DE 115].

Magistrate Judge Ingram issued an order on September 19, 2019 that aimed to clarify the scope of the issues to be considered at the evidentiary hearing and addressed Hentzen's motion for discovery. [DE 116]. The order granted Hentzen's motion for

discovery concerning certain images and files related to Hentzen's electronic devices, but denied his request for the National Center for Missing and Exploited Children report. [DE 116 at 11]. Further, Magistrate Judge Ingram held that the scope of the evidentiary hearing should be limited to the three issues specifically allowed in the Sixth Circuit's COA. [*Id*.].

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judge Ingram gave the parties time to file objections to the order, which must be reviewed by a district judge. [*Id*. at 12]. Hentzen filed objections to the order, the United States responded [DE 119] and Hentzen replied. [DE 120].

## II. STANDARD OF REVIEW

Magistrate judges may hear and determine pretrial matters pending before the designated district court. 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter[2] under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Crim. P. 59(a); Fed. R. Civ. P. 72(a). Objections that do no more than summarize arguments previously presented are not true objections as used in this context.

---

[2] The parties do not dispute that the motion for discovery before the Court is a non-dispositive, pretrial matter for purposes of this rule.

3

*Bustetter v. CEVA Logistics U.S., Inc.*, 2019 WL 1867430, No. 18-cv-58-DLB-EBA, *2 (E.D. Ky. April 25, 2019)(internal citations omitted). Factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed under a more lenient contrary-to-law standard. *Id*. (citing *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992)). "Under the contrary-to-law standard, the court will undertake independent and plenary review of the legal conclusions in the at-issue Order and will overturn any legal conclusions which 'contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Id*. (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)).

### III. DISCUSSION

**A. Scope of the issues at the evidentiary hearing**

Hentzen offers two objections to Magistrate Judge Ingram's opinion. First, he argues that the order erroneously limits the scope of issues that should be addressed at the evidentiary hearing. [DE 118 at 1]. In addition to the three claims[3] allowed

---

[3] The Sixth Circuit granted the COA as to the following issues: (1) whether trial counsel was ineffective for failing to obtain and prepare qualified expert testimony to expose inaccuracies in, and otherwise contest, the government's digital-computer-forensics evidence; (2) whether trial counsel rendered in effective assistance by failing to appear at his sentencing hearing, thus depriving Hentzen of his opportunity to allocute; and (3) whether appellate counsel rendered ineffective assistance by failing to

4

by the COA, Hentzen asks the Court to hear evidence regarding all of the claims contained within his original § 2255 petition. [*Id.* at 1-6]. Because the Sixth Circuit's May 17, 2019 opinion vacated the district court's order, Hentzen argues that the entire judgment was abandoned and all claims should survive, despite the Sixth Circuit's earlier COA. [*Id.* at 2-3]. Hentzen arrives at this argument because of the Sixth Circuit's statement that "[u]pon conclusion of proceedings in the district court, Hentzen may file an appeal and seek a COA for whatever issues are then pertinent … ." [*Id.* at 4; DE 102 at 3]. Hentzen adds that because the appellate court did not fully analyze his request to reconsider the partial denial of his COA, the court meant to allow those claims to move forward on remand. In short, Hentzen interprets the opinion to say that the Sixth Circuit did not have to decide his motion to reconsider the scope of the COA because it vacated the district court's opinion in its entirety. [*Id.* at 4-5]. The government argues that the Sixth Circuit was clear about its dismissal of most of Hentzen's claims. [DE 119 at 2].

Magistrate Judge Ingram's decision to limit the scope of the evidentiary hearing to only those issues in the COA is certainly not contrary to law. The Sixth Circuit began its May 17, 2019

---

challenge the district court's application of a two-level enhancement under USSG § 3C1.1. [DE 116 at 2-4; DE 102].

5

opinion by noting that Hentzen asked the appellate court to reconsider its denial of his COA application with respect to three of his claims. [DE 102 at 1]. Thus, the Court of Appeals stated, Hentzen's motion was construed as a petition for a panel rehearing. [*Id*.] This language clearly indicates to this Court that the Sixth Circuit did address, and did not change its position, on Hentzen's COA. In deciding to remand the case to the district court, the Sixth Circuit stated:

> The government "concedes that the district court abused its discretion by failing to fully consider or conduct an evidentiary hearing on the effectiveness of counsel's handling of … specific evidentiary and sentencing issues at both the trial and appellate level." The government moves this court to "reverse the district court's denial of Hentzen's § 2255 motion and remand this case to the district court for further proceedings consistent with [this] Court's [COA] order, including an evidentiary hearing as deemed necessary." *To that end, the government acknowledges that the district court should further consider each of Hentzen's surviving claims in light of this court's order granting Hentzen's COA application in part*. Hentzen does not quarrel with the government's motion, but also moves fro [sic] reconsideration of the scope of the COA.

[DE 102 at 3](emphasis added). The panel then granted the government's motion, which requested a remand only as to the specific issues granted in the COA. [*Id.* at 3]. This Court agrees with the magistrate judge that the order clearly intends to remand for an evidentiary hearing regarding only the three claims for which the COA was issued. In fact, as Magistrate Judge Ingram

6

explained in his September opinion, this Court has already made the determination that only the COA claims were remanded to the district court. [DE 116 at 3; DE 104 at 1]. Despite Hentzen's belief that treating this issue as a limited remand will "hard-wire reversible error" into this and future rulings made by the Court, the Sixth Circuit's COA would be entirely meaningless if it was simply ignored and all claims were allowed to move forward. [DE 120 at 4]. In fact, Hentzen asks this Court to find that the Sixth Circuit, in essence, vacated its own COA order when it remanded the case for an evidentiary hearing at the district court level. This Court declines to adopt this reasoning and finds that Magistrate Judge Ingram's order is not clearly erroneous or contrary to law.

**B. Motion for discovery**

Magistrate Judge Ingram's September 19, 2019 order also addressed Hentzen's motion for discovery, which requests two specific pieces of information he believes he needs to sufficiently support the remaining claims in his § 2255. [DE 105]. It should be stated again that a habeas petitioner is not entitled to discovery as a matter of ordinary course. [DE 116 at 6] (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Good cause for granting a habeas petitioner's discovery request is shown where specific allegations indicate a reason to believe that the movant may be

7

able to demonstrate that he or she is entitled to relief. *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012).

Hentzen states that his new expert, Dr. Andy Cobb, has relied on evidence introduced at trial and other materials because he does not have access to the forensic copies of Hentzen's devices. [DE 85 at 2]. Magistrate Judge Ingram found:

> Thus, because the Sixth Circuit remanded for an evidentiary hearing on the "precise argument" [that competent trial counsel would have produced and utilized expert evidence akin to that found by Hentzen's new expert], and because Dr. Cobb states he needs access to "a verified copy of the full hard drive" to fully develop the argument, Hentzen has established good cause under the unique circumstances of the case.

[DE 116 at 8]. The United States does not contest this finding. Because there is no allegation that this conclusion is contrary to law or factually clearly erroneous, this Court has no reason to second-guess Magistrate Judge Ingram's conclusion.

Hentzen also asks for a report from the National Center for Missing and Exploited Children that would contain, Hentzen alleges, the "only source of verification that illicit files were found on one or more of Mr. Hentzen's computers and will establish that only a miniscule fraction of the files that the Government contends contained child pornography actually contained images confirmed by NCMEC." [DE 85 at 11]. Hentzen argues that the crux

8

of the prosecution's case was the quantity of images of child pornography located on the devices. Magistrate Judge Ingram, however, explained that the government did not argue for a finding of knowledge based on the number of videos, but the number of keywords related to child pornography that Hentzen searched. [DE 116 at 8-9]. Because the focus of the government's argument was the inference of knowledge based on the search terms, and not the quantity of videos, Magistrate Judge Ingram found that the report requested is not relevant to any of the surviving claims in Hentzen's § 2255 petition. [*Id.* at 10].

In the motion before this Court, Hentzen again points to several arguments made by the government throughout trial indicating that he had "thousands" of videos on his devices. [DE 118 at 8]. Additionally, he addresses Magistrate Judge Ingram's reasoning and discusses the limitations of "keyword proof" offered by the government to demonstrate Hentzen's knowledge, and trial counsel's inadequate understanding of it. [*Id.* at 11]. Hentzen "seeks discovery of the NCMEC report to bring additional quantitative clarity to his position" and wants to use the report to show that most of the keyword searches did not lead to any contraband—something he believes trial counsel should have known and demonstrated. [*Id.*].

Even considering Hentzen's secondary argument, the Court does not believe that counsels' failure to develop expert testimony on the issue of the reliability of keyword searches hinges on access to this report. Further, Hentzen did not make this argument in his initial request for discovery. [DE 85]. In the original motion, Hentzen asked for the report to combat the "grossly inflated numbers that the Government deployed … at trial." [DE 85 at 13]. This Court will not permit Hentzen to, once the original argument in his motion for discovery fails pursuant to an order from a magistrate judge, come to the district court with a new theory about the unreliability of keyword searches. Thus, Hentzen has not shown good cause sufficient for this Court to order the government to provide him with an NCMEC report.

## IV. CONCLUSION

Accordingly, for the reasons stated herein and the Court being sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendant Erik A. Hentzen's objections, entered as a motion to reconsider [DE 118], to Magistrate Judge Ingram's September 19, 2019 order [DE 116] are **DENIED**;

(2) Pursuant to Magistrate Judge Ingram's September 19, 2019 order [DE 116], the government **SHALL** make the RDP files, activity

logs, and eMule files available to Hentzen's counsel for inspection **within ten (10) days of this Order** if it has not done so already;

(3) The evidentiary hearing to be held by Magistrate Judge Ingram in this matter **SHALL** be limited to the three issues that garnered a Certificate of Appealability before the Sixth Circuit [DE 117]; and

(4) The parties **SHALL** participate in a teleconference with Magistrate Judge Ingram to discuss scheduling the evidentiary hearing in this matter.

This is the 27th day of January, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge